1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,

Plaintiff,

vs.

HUNDEEL ASIF KHAN, et al.,

Defendant.

CASE NO. 13-CV-2183 W (WVG)

**ORDER DENYING MOTION TO ALTER JUDGMENT [DOC. 11]**

Pending before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion to Alter Judgment.  Plaintiff argues that the Court erred in awarding $1,750 in damages, comprised of $750.00 in conversion damages and the statutory minimum of $1,000 under 47 U.S.C. § 605(e) (e)(3)(c)(i)(II).  Plaintiff contends that enhanced statutory damages should have also been awarded.

The question of whether to award enhanced damages is within the court's discretion. See Kingvision Pay Per View, LTD v. Ortega, 2002 WL 31855367, *2 (N.D.Cal. 2002) (reasoning that in evaluating whether to award enhanced damages, courts can consider factors such as repeated violations, the intent to profit and actual

profit derived from the violations). Here, Plaintiff contends enhanced damages are warranted for two reasons.

First, Plaintiff relies on other cases that awarded enhanced damages. But those cases are factually distinguishable. In <u>Kingvision v. Lake Alice Bar</u>, 168 F.3d 347 (9th Cir. 1999), the $80,400 award was based on the bar's "repeated willful violations." <u>Id.</u> at 350. Therefore, a higher damage award was warranted to deter defendant from future violations. In contrast, here Defendant was a first time offender, and there is no evidence suggesting a higher damage award is necessary to deter Defendant from committing future violations. Moreover, in <u>Kingvision</u>, the Ninth Circuit remanded the case "so that both sides [could] be heard on the appropriate amount of any reduction in the judgment." <u>Id.</u> at 352. The remand suggests that the damage award was too high.

Plaintiff also cites <u>J & J Sports Productions Inc. v. Olivares</u>, 2011 WL 587466 (E.D.Cal. Feb 9, 2011), where more than 60 patrons were viewing the program. In contrast, Defendant's establishment had far fewer patrons during the program. Additionally, because Defendant did not charge an entrance fee or advertise the program, there is no evidence suggesting that Defendant intended to profit and actually profited from the violation.

Next, Plaintiff argues that the award focused too heavily on specific deterrence at the expense of general deterrence. But as explained in the order, under the circumstances of this case, the Court is mindful that a larger award might put Defendant out of business. <u>See</u> <u>Lake Alice Bar</u>, 168 F.3d at 350 (reasoning that, "[d]epending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business"). Therefore, the Court finds that the damage award of $1,750 is reasonable.

//

//

- 2 -

13cv2183

1    For theses reasons, Plaintiff's motion to alter judgment is **DENIED** [Doc. 11].[1]

2    **IT IS SO ORDERED.**

3

4    **DATED:  August 6, 2014**

5    _____

6    Hon. Thomas J. Whelan
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

      [1]Although the hearing date is set for August 25, 2014, Defendant has never appeared
28    and Plaintiff is requesting reconsideration of an unopposed motion.  Accordingly, the Court
      believes it is appropriate to issue this order before the hearing date.

13cv2183